IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL T. STAVENJORD, | CASE NO. 3:08-CV-00223-JWS-DMS |
| Petitioner, | |
| | **INITIAL REPORT AND** |
| | **RECOMMENDATION REGARDING** |
| v. | **BRIEF ON THE MERITS OF THE** |
| | **AMENDED PETITION FOR HABEAS** |
| JOSEPH D. SCHMIDT, | **CORPUS** |
| | **[DOCKET 25]** |
| Respondent. | |

## <u>TABLE OF CONTENTS</u>

I.      PETITION PRESENTED……………………………………………………… Page 1

II.     FACTUAL AND PROCEDURAL BACKGROUND…………………………. Page 3

        A.  State Court Proceedings

            1.  First Motion for Post-Conviction Relief: Alleged Ineffective Assistance
                of Trial Counsel

            2.  Direct Appeal of Conviction

            3.  Second Motion for Post-Conviction Relief: Alleged Ineffective
                Assistance of Appellate Counsel

        B.  Federal Habeas Proceedings

III.    STANDARD OF REVIEW FOR HABEAS CORPUS RELIEF…………………. Page 8

        A.  Section 2254(d)(1) Standard

        B.  Applicable Federal Law Regarding Ineffective Counsel

            1.  Deficient Performance by Counsel

1

2.  A Prejudiced Judgment

IV.    ANALYSIS…………………………..…………………………..………… Page 13

    A.  Ineffective Assistance of Appellate Counsel

    1.  The Decision was not Contrary to Established Federal Law

    2.  The Decision was not an Unreasonable Application of Federal Law

      a.  No violation of Strickland

      b.  Not an Unreasonable Application

    B.  Exhaustion of Petitioner's Ineffective Assistance of Appellate
      Counsel Claim

V.    PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING…………… Page 19

VI.    CONCLUSION…………………………..…………………………..…….. Page 20

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL T. STAVENJORD, | CASE NO. 3:08-CV-00223-JWS-DMS |
| Petitioner, | |
| | **INITIAL REPORT AND** |
| v. | **RECOMMENDATION REGARDING** |
| | **BRIEF ON THE MERITS OF THE** |
| JOSEPH D. SCHMIDT, | **AMENDED PETITION FOR HABEAS** |
| | **CORPUS** |
| Respondent. | **[DOCKET 25]** |

## I. PETITION PRESENTED

Paul T. Stavenjord was convicted of two counts of first-degree murder for shooting Carl H. Beery and a person listed in the record solely as D.R. in 1997. <u>Stavenjord v. State</u>, No. A-8966, 2006 WL 120181 at *1 (Alaska App. Jan. 18, 2006) (unpublished) (hereinafter <u>Stavenjord II</u>). Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Originally, Stavenjord filed his petition on grounds that his conviction was obtained by use of evidence gained by an unconstitutional search and seizure because the warrant lacked probable cause. (Doc. 1 at 5). This Fourth Amendment claim was dismissed by the District Court (<u>See</u> Doc. 17), but his petition was allowed to proceed under a claim of ineffective assistance of appellate counsel. (Doc. 19). In his amended habeas petition, Stavenjord argues that his Sixth Amendment constitutional right to effective assistance of counsel was violated at the state appellate level.

Stavenjord argues that appointed appellate counsel Margi A. Mock (Mock) and Wallace H. Tetlow (Tetlow) were ineffective in their representation of petitioner when they: (a) failed to

1

investigate the constitutionality of evidence gained by Alaska State Troopers' search and seizure from petitioner's person and property, and (b) failed to present to the Alaska Court of Appeals the Fourth Amendment search and seizure issue. Moreover, Stavenjord argues that these failures are an example of deficient performance of counsel and that, but for these unreasonable errors, the result at the appellate level would have been different. Stavenjord, thus, posits that Mock and Tetlow's representation was so lacking that it, "fell below an objective standard of reasonableness," and that this deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

The state opposes the petition. First, it addresses the merits of Stavenjord's ineffective assistance of counsel claim. It argues that Stavenjord has not shown, and cannot show, that the Alaska courts' decisions—concluding he did not establish a *prima facie* case that he was denied effective assistance of appellate counsel—were contrary to, or involved unreasonable applications of, clearly established Supreme Court precedent. Moreover, it argues that the Alaska courts correctly determined Stavenjord failed to present any evidence showing his appellate counsels' decision to pursue only the change of venue and Malkin claims (see *infra*) fell below a standard of objective reasonableness or that he was prejudiced by his appellate counsels' conduct. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Second, the state maintains that Stavenjord's petition should be dismissed because he is procedurally barred from asserting the legal theory he relies upon. The state claims that Stavenjord originally averred his appellate attorneys were ineffective because they did not follow his instructions when choosing the arguments to assert on direct appeal. Petitioner now asserts his appellate attorneys' assistance was ineffective for failing to recognize and argue his Fourth Amendment search and seizure claim based on lack of probable cause.

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. State Court Proceedings

Stavenjord was convicted of two counts of first-degree murder for shooting Carl H. Beery and a person listed in the record solely as D.R. in 1997. Prior to trial, Stavenjord moved to suppress the evidence seized pursuant to the search warrants. Stavenjord II. The trial court ruled that there was probable cause to issue the warrants because Stavenjord had lied about his whereabouts on the weekend the victims were killed and lied about owning a weapon the same caliber as the murder weapon. Id. Relying on the holding in State v. Malkin, the trial court also rejected Stavenjord's claim that the search warrants were defective because the police made material misstatements or omissions in the applications for the warrants.[1] Id.

### 1. First Motion for Post-Conviction Relief: Alleged Ineffective Assistance of Trial Counsel

After the jury returned the verdicts, Stavenjord filed a motion for a new trial claiming that he received ineffective assistance of counsel at trial. Id. The superior court treated the motion as an application for post-conviction relief and after an evidentiary hearing denied relief on July 27, 2000. Id. Stavenjord did not appeal this denial. Id.

### 2. Direct Appeal of Conviction

While this was being processed, Stavenjord filed a direct appeal that claimed the superior court erred in denying several motions. Id. at *2. The attorneys that represented Stavenjord in his appeal argued two of the issues: the superior court's denial of the motion to change venue

---

[1] In State v. Malkin, the Alaska Supreme Court established the framework for evaluating a defendant's claim that an application for a search warrant included material misstatements or omissions. 722 P.2d 943, 946 (Alaska 1986) (citing Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Defendants can prevail only if the purported misstatements or omissions were intentional or were reckless. Malkin, 722 P.2d at 946.

and the <u>Malkin</u> claim.  <u>Id.</u>  They did not argue that there was a lack of probable cause to substantiate the search warrants.  <u>Id.</u>  The court of appeals affirmed Stavenjord's convictions. <u>Stavenjord v. State</u>, 66 P.3d 762, 764 (Alaska App. 2003) (<u>Stavenjord I</u>).

Stavenjord petitioned the Alaska Supreme Court, on July 25, 2003, for a hearing to review the court of appeals' affirmation.  <u>Stavenjord II</u>, 2006 WL 120181 at *2.  This petition was denied on February 2, 2004.

### 3. <u>Second Motion for Post-Conviction Relief:  Alleged Ineffective Assistance of Appellate Counsel</u>

Stavenjord filed a second application for post-conviction relief claiming that the superior court should have suppressed the evidence that came from search warrants he claimed to be unconstitutional.  <u>Id.</u> at *1.  Stavenjord filed the second application pro se and did not originally allege ineffective assistance of counsel of his appellate attorneys.  <u>Id.</u> at *3.  The Superior Court dismissed the second application.  <u>Id.</u> at *1.  Stavenjord appealed to the Alaska Court of Appeals claiming that the dismissal of his second application was improper and that he received ineffective assistance from his appellate attorneys in the direct appeal from his conviction.  <u>Id.</u> The court agreed that Stavenjord's attacks on the search warrant were dismissible since they could have been raised in the direct appeal but had not been.  <u>Id.</u> at *3.  The court took note that Stavenjord was filing pro se and thereby resolved that his pleadings should be held to a less stringent standard.  <u>Id.</u> at *3 (citing <u>Breck v. Ulmer</u>, 745 P.2d 66 (Alaska 1987)).  The court concluded dismissal was improper, that Stavenjord should have been allowed to amend his application to plead ineffective assistance from his appellate counsel in his direct appeal as it could not have been raised prior.  <u>Stavenjord II</u>, 2006 WL 120181 at *3.  The court reversed the

superior court's dismissal and remanded for further proceedings on the application consistent with its opinion.  Id.

Petitioner Stavenjord knowingly and voluntarily declined appointed counsel to pursue the claim that he received ineffective assistance of counsel in his direct appeal.  Stavenjord v. State, 2008 WL 1914362 at *2 (Alaska App. Apr. 30, 2008) (unpublished) (Stavenjord III). Stavenjord asserted that, because his attorneys did not follow his instructions to brief all of the issues in the statement of points on appeal, they were ineffective. Id. at *3.  Stavenjord wanted counsel to separately argue that his private diaries should have been suppressed, based on lack of probable cause for the underlying warrant.

Both attorneys filed affidavits stating that they discussed their analysis with Stavenjord and that suppression of the diaries based on lack of probable cause was not a meritorious claim. Counsel chose to include only certain arguments for strategic reasons. Id.  Mock summarized counsel's strategy in her sworn affidavit as follows:

> "After reading the transcripts and reviewing the record and trial file in this case, I determined that two issues were meritorious. First, I concluded that the trial court erred in denying Mr. Stavenjord's motion to change venue. I believed that this issue was particularly strong because trial counsel argued that the pretrial publicity was so pervasive and prejudicial that even jurors who claimed not to remember the publicity would be reminded of it during trial testimony. In fact, this is exactly what occurred. Second, I thought that the testimony from the evidentiary hearing strongly supported the defense claim that the search warrant was obtained as a result of misrepresentations made by the police to the magistrate (the *Malkin* issue).
>
> Mr. Stavenjord wanted us to separately argue that he had a heightened privacy interest in his private diaries that was independently sufficient to defeat a search warrant. Both Mr. Tetlow and I told him that we did not believe this issue was meritorious. We told him that he had a strong argument with regard to the *Malkin* issue and, if this argument were successful, his diaries would be suppressed. We also told him that because of page limitations and the strength of the two issues we were briefing, we were making a tactical decision not to raise the privacy issue he wanted us to raise . . . ."

5

(Doc. 30-3 at 6-8).

The transcripts and record were so voluminous that Mock asked Tetlow to read all of the documents and focus on briefing and researching the <u>Malkin</u> issue. Mock did not assign Tetlow the change of venue issue. Tetlow's affidavit further explains their strategy:

> "In addressing the appellate issues for which I was responsible, I reviewed the *Statement of Points on Appeal*, all of the pleadings filed in the trial case, transcripts of the evidentiary hearings held in connection with those pleadings and the trial transcripts, in order to ascertain the factual and legal bases of Mr. Stavenjord's points on appeal. I researched all of the issues contained in the points on appeal . . . I concluded that . . . the trial court failed to suppress evidence due to misrepresentation (the *Malkin* issue), was the only issue on appeal that had merit.
>
> Given the relative strengths of the *Malkin* and change of venue issues as compared to other issues, the page restrictions placed on appellate briefs, and our concern that presenting issues that lacked merit along with the meritorious issues would impact the court's consideration of the meritorious issues, Ms. Mock and I made a tactical decision to pursue the two strongest points on appeal: the *Malkin* and change of venue issues."

(Doc. 30-3 at 10-11).

Stavenjord's amended application (which included affidavits *supra* of counsel Mock and Tetlow) was dismissed by the superior court for failing to allege a *prima facie* case of ineffective assistance of counsel. <u>Id.</u> at *3.

The Alaska Court of Appeals affirmed this ruling citing both Alaska and Federal authority. First, the appeals court cited state conduct rules. Alaska Rule of Professional Conduct 1.2(a) declares that in a criminal case, "the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, and whether to take an appeal." <u>Id</u>. The court found that because the rule specifies those exact decisions, it logically follows that the attorney has the ultimate authority to make the other tactical choices in each case. <u>Simeon v. State</u>, 90 P.3d 181, 184 (Alaska App.

6

2004). Furthermore, it also cited <u>Tucker</u>, where the Court held that an appellate attorney's decision on what issues to address is a decision within the scope of the attorney's authority. <u>Tucker v. State</u>, 892 P.2d 832, 836 (1995). Second, it cited <u>Jones</u>, where the United States Supreme Court held that an appellate attorney representing an indigent defendant is not required to raise every colorable claim. <u>Jones v. Barnes</u>, 463 U.S. 745, 750-754, 103 S.Ct. 3308, 3312-3314 (1983). The decision to forego weaker arguments and pursue more meritorious ones is a crucial part of appellate advocacy. <u>Id</u>. Thus, the Alaska Court of Appeals found that Stavenjord did not plead facts showing the tactical choice of the appellate attorneys was one that no competent attorney would make. <u>Stavenjord III</u>, 2008 WL 1914362 at *3. The Supreme Court of Alaska denied his petition for review on September 22, 2008. (Doc. 1-2).

## B. <u>Federal Habeas Proceedings</u>

Petitioner Paul T. Stavenjord seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. As described *supra*, Stavenjord originally filed his petition on October 15, 2008 on grounds that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. (Doc. 1 at 5). Petitioner claimed that the original search warrants were obtained without the required probable cause. <u>Id</u>. Stavenjord opted to proceed pro se in this habeas corpus matter. (<u>See</u> Docs. 3, 9).

Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. (Doc. 7). Respondent argued that Stavenjord's petition should be dismissed because a state prisoner may not be granted federal habeas corpus relief on Fourth Amendment claims if he has had the opportunity for full and fair litigation of such claims in state court. (Doc. 8 at 5). Respondent's claim was pursuant to <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052

7

(1976).[2]  Stavenjord responded to the motion to dismiss for failure to state a cognizable claim on

January 20, 2009.  (Doc. 10).

The District Court granted Respondent's motion to dismiss at Docket 7, dismissing

Petitioner's Fourth Amendment claim that the warrant failed to establish probable cause to

search.  However, the District Court allowed this petition to proceed under a claim of ineffective

assistance of appellate counsel.  (Doc. 19).  This is the issue presently before the Court.

### III.  STANDARD OF REVIEW FOR HABEAS CORPUS RELIEF

Because Stavenjord filed his petition after April 24, 1996, the petition is subject to the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996)

(hereinafter AEDPA).  See Lindh v. Murphy, 521 U.S. 320 (1997).

Post-AEDPA, a federal court is limited in its ability to grant a writ of habeas corpus on

behalf of a person convicted in state court with respect to any claim that was adjudicated on the

merits in state court proceedings.  Those limitations are codified in 28 U.S.C. § 2254(d), which

states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any

---

[2] The exclusionary rule, in which evidence stemming from an unconstitutional search and seizure is omitted from consideration, was created primarily to deter law enforcement officials from conducting illegal searches.  See Elkins v. United States, 364 U.S. 206, 217, 80 S.Ct. 1437, 1444 (1960) ("The rule is calculated to prevent, not to repair.  Its purpose is to deter-to compel respect for the constitutional guaranty in the only effectively available way-by removing the incentive to disregard it.").  The Supreme Court in Stone balanced the values of protecting constitutional rights by barring what may be highly probative evidence with other values to the criminal justice system.  428 U.S. at 489-95, 96 S.Ct. at 3050-53.  It concluded that if there were the opportunity for full and fair litigation of Fourth Amendment claims in the state courts, the cost of overturning otherwise rightful convictions would outweigh the possible additional deterrence of law enforcement officials from engaging in illegal searches, which would come from further review in the federal courts. Id. at 494-95, 96 S.Ct. at 3052-53.

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner does not allege a violation of Section 2254(d)(2), so we are left with his argument that the state court decision was contrary to or involved an unreasonable application of federal law pursuant to Section 2254(d)(1).

**A. Section 2254(d)(1) Standard**

Under § 2254(d)(1), the court can grant the writ if the adjudication of the claim resulted in a decision that was *contrary to*, or involved an *unreasonable application of* clearly established federal law, as determined by the Supreme Court. Clearly established federal law refers to holding, not dicta, of the Supreme Court's decisions that were in effect at the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000).

A state court decision is *contrary to* clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court precedent on a question of law, meaning it applies a rule that contradicts the governing law set forth in a Supreme Court case. Id. at 405. A state court decision is also *contrary to* clearly established federal law if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court but arrives at a different result than the Supreme Court did. Id. at 406.

A state court decision is an *unreasonable application* of clearly established federal law if the state court identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. Id. at 408. The issue is not whether the state court decision applied federal law incorrectly or erroneously but whether it was applied unreasonably. Id. at 410-11.

9

The inquiry into whether or not the state court decision involved an unreasonable application of clearly established federal law needs to look at whether the application was objectively unreasonable. Id. at 409.

Under 28 U.S.C. § 2254(d)(1), state courts need not cite to specific United States Supreme Court cases, nor even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 365 (2002). The laws of the state may in fact protect the defendant more than Supreme Court precedent. Id.

Therefore, Stavenjord has the burden of showing that the Alaska Appellate Court applied U.S. Supreme Court case law regarding ineffective assistance of counsel unreasonably, or applied state laws that were contrary to such federal precedent.

**B. <u>Applicable Federal Law Regarding Ineffective Counsel</u>**

The Alaska Court of Appeals rejected petitioner Stavenjord's claim that his assigned counsel rendered ineffective assistance during his state appellate proceedings under principles announced in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).

The Sixth Amendment of the U.S. Constitution recognizes the right to assistance of counsel because it "envisions counsel playing a role that is critical to the ability of the adversarial system to produce just results." Id. at 685. A defendant is thus entitled to be assisted by an attorney (either retained or appointed) whose job is to ensure a fair trial. Id. The issue is whether counsel's conduct "undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsel's

assistance was deficient.  A defendant must *show* counsel made errors so serious that counsel did not meet the requirements of effective representation guaranteed by the Sixth Amendment. Second, the defendant must *show* that the deficient performance prejudiced the actual proceeding.  This deficiency is characterized by "errors so serious as to deprive" the defendant of a fair trial.  Id. at 687.  Unless a defendant proves both components, a court must hold the trial was fair.  Id.

## 1. Deficient Performance by Counsel

When a convicted defendant argues ineffective assistance of counsel, he must show that the attorney's representation fell below a standard of reasonableness. Strickland, 466 U.S. at 687-88.  The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.  Id. at 688.  The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.  There is no specific set of rules for counsel's conduct.  "A set of rules would interfere with the constitutionally protected independence of counsel and restrict the liberty counsel must have in making tactical decisions." Id. at 688-89.

Judicial scrutiny of counsel's performance must be "highly deferential."  Id. at 689.  A fair assessment of counsel's performance requires that every effort be made to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must allow for a *strong presumption* that counsel's conduct falls within the wide range of reasonable professional assistance.  Furthermore, a defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id.

Strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable to the extent that reasonable professional judgments support the limitations on investigation. Counsel does have a duty to make reasonable investigations or to make a reasonable decision that a particular investigation is unnecessary. In an effectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, "applying a heavy measure of deference to counsel's judgments." Id. at 690-91. Moreover, an indigent defendant does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points to the court. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983).

**2. A Prejudiced Judgment**

The second Strickland requirement is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Id. at 691. A defendant must affirmatively prove prejudice. "Representation is an art, and an act or omission that is unprofessional in one case may be sound trial strategy in another." Id. at 693. Even if a defendant shows that certain errors of counsel were unreasonable, he must also show that they actually had an adverse effect on the defense. Id.

12

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence that was before a judge or jury. Id. at 695. A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. "A court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different." Id. at 696. Moreover, the proffered mitigating evidence that counsel either failed to discover or investigate enough and present to the court needs to be powerful. Wiggins v. Smith, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542 (2003).

## IV. ANALYSIS

### A. Ineffective Assistance of Appellate Counsel

#### 1. The Decision was not Contrary to Established Federal Law

The state court's decision was not contrary to federal law. The state appellate court applied the appropriate legal rule, looking at whether counsel acted with the competence of an attorney with ordinary training skills in criminal law. See Galvin v. Alaska Dep't of Corr., 397 F.3d 1198, 1203 (9th Cir. 2005) (recognizing that Alaska's ineffective assistance of counsel standard, while worded differently than Strickland, is actually *more* protective of defendant's rights). It did not confront a set of facts indistinguishable from a Supreme Court decision and then arrive at a different result. See Section III *supra*. The court found the appellate attorneys were not deficient in performance by following its own previous holding in Tucker—which relied, in part, on Jones v. Barnes, a United States Supreme Court case—finding that an appellate attorney representing an indigent defendant is not required to raise every colorable claim. Stavenjord III, 2008 WL 1914362, at *3. Although Jones precedes Strickland, it is a seminal case in determining the constitutional floor for appointed counsel's professional judgment.

13

Indeed, Stavenjord does not claim that the state court decision was contrary to clearly established federal law of the Supreme Court. Instead, he argues that its decision was an unreasonable application of the two-pronged test set forth in Strickland.

### 2. The Decision was not an Unreasonable Application of Federal Law

For Stavenjord to succeed, he must show that the Alaska Court of Appeals applied Strickland to the facts of the case in an objectively unreasonable manner. Bell v. Cone, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852 (2002).

#### a. No Violation of Strickland

The issue is whether appellate counsel Mock and Tetlow were deficient in declining to argue the Fourth Amendment claims—suppression of Stavenjord's diaries because of lack of probable cause—before the Alaska Court of Appeals.

Stavenjord first argues that his appellate counsel failed to research his Fourth Amendment claims and that no reasonable attorney would have ignored these violations. This argument has no merit. (See Doc. 25 at 10). Stavenjord attached affidavits of both Mock and Tetlow in his second application for post conviction relief in an effort to show a *prima facie* ineffective assistance of counsel claim. Stavenjord III at *2. Both affidavits give a particularized account of detailed research of trial transcripts, pleadings, and the record. "After reading the transcripts and reviewing the record and trial file in this case, I determined that two issues were meritorious." (Mock Aff., Doc. 30-3 at 6). "In addressing the appellate issues for which I was responsible, I reviewed the *Statement of Points on Appeal*, all of the pleadings filed in the trial case, transcripts of the evidentiary hearings held in connection with those pleadings and the trial transcripts . . . ." (Tetlow Aff., Doc 30-3 at 10). Given that this was the only evidence provided by Stavenjord, he is mistaken to claim that appellate counsel did not research

14

the Fourth Amendment claims, since these were argued in the original pleadings and at trial. Stavenjord I at 765. Appellate counsel reviewed the pleadings and trial transcripts, which included Petitioner's Fourth Amendment claims.

Stavenjord next argues that appellate counsel were deficient in not arguing and presenting the Fourth Amendment claims to the Alaska Court of Appeals. The Supreme Court recognizes that there are countless ways to provide effective assistance in any given case. "Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. A court deciding an ineffective assistance of counsel claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. Id. at 690. Stavenjord argues that counsel's strategy to only argue the change in venue and Malkin issue was unreasonable. Petitioner asserts that the probable cause issue was the "only issue that would have overturned Stavenjord's conviction." (Doc. 25 at 14).

Stavenjord must identify the acts or omissions of Mock and Tetlow that are alleged not to have been the result of reasonable professional judgment. Id. "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . At the same time, the court should recognize that counsel is *strongly presumed to have rendered adequate assistance* and made all significant decisions in the exercise of a reasonable professional judgment." Id. Stavenjord's inclusion of counsel's affidavits only bolsters the state's argument that adequate assistance was maintained. The trial court ruled that there was probable cause to issue the warrants because Stavenjord had lied about his whereabouts on the weekend the victims were killed and lied about owning a weapon the same caliber as the murder weapon. Stavenjord II. Strategic choices made after a

15

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.  Id. at 690-91.  Mock recognized the possibility of a probable cause claim.  See Doc. 30-3 at 7.  This was a possible option.  However, she found that the Malkin claim was stronger "as a result of the misrepresentations made by the police to the magistrate," and if successful, the probable clause claim would have been subsumed.  Id.

Stavenjord avows the probable cause issue is the only avenue to argue for a new trial.  However, if the trial court erred in not allowing a motion for a change in venue, it would also allow for a new trial.  This is precisely why counsel argued this issue.  "Pretrial publicity was so pervasive and prejudicial that even jurors who claimed not to remember the publicity would be reminded of it during trial testimony. In fact, this is exactly what occurred."  (Mock Aff., Doc. 30-3 at 6). Counsel's decision to argue the trial court erred in denying Petitioner's motion to change venue, and omit the probable cause claim, was not outside the scope of reasonable professional judgment.  Strickland at 690.

It is not unusual for an appellate advocate to examine the record with a view of selecting the most promising issues for review.  This is of growing importance in a time when page limits on briefs are imposed at the Alaska Court of Appeals level.  Jones v. Barnes, 463 U.S. 745, 752-753, 103 S.Ct. 3308, 3313 (1983) ("If you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many briefs will mean that none will receive adequate attention.  The effect of adding weak arguments will be to dilute the force of the stronger ones.") (quoting R. Stern, Appellate Practice in the United States 266 (1981)).

A defendant alleging ineffective assistance of appellate counsel must make a showing that a particular nonfrivolous issue was clearly stronger than issues counsel did present.  Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 766 (2000).  Stavenjord has not shown that the

16

probable clause claim was so much stronger that no reasonable appellate counsel would have declined to address it. Stavenjord only asserts that the probable cause issue is the *only* issue that would have "overturned Stavenjord's conviction." See Doc. 25 at 14. This is incorrect. Based on the state factual record, the change of venue and Malkin claims had at least a reasonable possibility of resulting in a new trial. Stavenjord has not met his burden of showing that his appellate counsel's decisions were deficient.

Courts are not obliged to approach the prejudice claim if the performance component has not been met. Strickland at 697. There is no reason for a court deciding an ineffectiveness claim to approach both components of the inquiry if the defendant makes an insufficient showing on one. Id. Accordingly, this Court declines to address the prejudice prong because it finds no ineffective assistance of counsel based on counsel's performance.

### b. Not an Unreasonable Application

"An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of [that] claim . . . involved an unreasonable application of clearly established Federal law. . . ." 28 U.S.C. § 2254(d)(1). Stavenjord has not shown that the Alaska Court of Appeals applied Strickland to the facts of the case in an *objectively unreasonable manner*. Bell v. Cone, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852 (2002). In Stavenjord II, before remanding the case to the superior court to hear his amended ineffective assistance of appellate counsel claim, the Alaska Court of Appeals warned Stavenjord:

> Because it was a tactical choice by appellate counsel to choose the issues to pursue on the appeal-a choice that is within the attorney's responsibility rather than a choice to be made by the client-Stavenjord would have to plead facts that demonstrate that the choice by counsel was a choice that no competent attorney would make.

17

<u>Stavenjord II</u>, at *3.

In <u>Stavenjord III</u>, the Alaska Court of Appeals concluded that Stavenjord "did not plead facts that show that the decision to pursue the issue the appellate attorneys selected was a tactical choice that no competent attorney would make." <u>Stavenjord III</u> at *3. Stavenjord merely claimed that because counsel did not raise all of the [colorable] claims he wanted them to pursue (i.e. the probable cause claim), he has shown ineffective assistance of appellate counsel. This directly contradicts Supreme Court precedent. Experienced advocates have long emphasized the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or *at most* on a few key issues." <u>Jones</u>, 463 U.S. at 751. For judges to second guess reasonable professional judgments and impose on appointed counsel a duty to raise every colorable claim suggested by a client would fail to serve the goal of vigorous and effective advocacy. <u>Id</u> at 754. Therefore, because controlling Supreme Court precedent is directly contrary to Stavenjord's claim before the Alaska Court of Appeals, the court was objectively reasonable in dismissing Petitioner's second post-conviction application for relief for lack of enough facts to establish a *prima facie* claim for ineffective assistance of appellate counsel.

**B. Exhaustion of Petitioner's Ineffective Assistance of Appellate Counsel Claim**

Respondent asserts that Stavenjord's petition should be dismissed because he is procedurally barred from arguing the legal theory that he relies upon. Because this Court recommends denial of Stavenjord's writ for habeas corpus on the merits, pursuant to 28 U.S.C. § 2254(b)(2), it need not consider the exhaustion issue raised by Respondent.

## V. PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

Petitioner made a veiled request for an evidentiary hearing.  See Doc. 25 and Doc. 33.  A habeas petitioner is not automatically entitled to an evidentiary hearing in federal court.  Under 28 U.S.C. § 2254(e)(2), a court must deny a petitioner's request for an evidentiary hearing if the petitioner, not the state, was the one at fault for not getting necessary facts into the state court record in the first instance.  There are only two exceptions to this rule, which are set forth in § 2254(e)(2)(A) and (B).  Even if the state, and not the petitioner, was at fault for failing to develop the factual basis in state court, an evidentiary hearing is only mandatory if that petitioner can meet certain eligibility factors, and the allegations, if proved in the evidentiary hearing, would then entitle the petitioner to relief.  Insyiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Circ. 2005) (citing Townsend v. Sain, 372 U.S. 293 (1963)).

Stavenjord is not entitled to an evidentiary hearing in federal court.  Petitioner has neither filed a proper motion for an evidentiary hearing nor followed or addressed designated Federal Habeas Corpus rules regarding a federal courts ability to grant an evidentiary hearing post AEDPA.  Petitioner admits in his amended petition that he has "brought up the subject of ineffective assistance of counsel at the Superior court level, the Appellate court level, and an attempt at the Supreme court level."  (Doc. 25 at 15).  Petitioner attached sworn affidavits regarding both appellate attorneys' tactical choice in declining to pursue the probable cause issue.  Petitioner has not shown that an evidentiary hearing will provide more information, especially in light of counsel Mock and Tetlow's affidavits.  It is not clear what other facts Petitioner wishes to add to the record.  Regardless, Petitioner was at fault for not getting additional facts into the state court record as required by 28 U.S.C § 2254(e)(2).

# VI. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Stavenjord's petition for writ of habeas corpus on the ground that he received ineffective assistance of appellate counsel be DENIED.

DATED this 14th day of July, 2010.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **CLOSE OF BUSINESS, JULY 28, 2010.**  Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-89 (9th Cir. 1980), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.  United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS, AUGUST 4, 2010.**  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).